O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY DEON HOLLIE, | ) Case No. CV 08-2950-JVS (DTB) |
| Petitioner, | ) |
| vs. | ) ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ANTHONY HEDGPETH, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner, through counsel, and the Court has made a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made.

1. <u>Petitioner's objections to the Magistrate Judge's Findings and Conclusions with respect to Ground One and the failure of the trial court to sever the claims against petitioner.</u>

Petitioner contends in his Objections to the Magistrate Judge's Report and Recommendation ("Objections") that his claim that he suffered prejudice by the denial of his motion to sever the charges against him must be considered in light of the trial court's subsequent failure to admonish the jury to treat each count separately. (<u>See</u>

Objections at 2-3; see also CALJIC 17.02, which provides that a jury must decide each count separately).

As set forth in the Report and Recommendation ("R&R"), the record contains sufficient evidence on Counts 1 and 2 such that petitioner's argument that the jury must have improperly used his confession to the police pertaining to Counts 3 and 4 in finding him guilty on Counts 1 and 2 fails. Although petitioner is correct that the trial court failed to give an admonition to the jury that they must decide each count separately, the jury was instructed that petitioner could not be convicted on any count unless there was "proof of each element of the crime independent of any confession or admission made by him outside of this trial." (2 CT 220; 6 RT 1582). The Court is required to presume that the jury followed the instructions given unless there is admissible evidence to the contrary. See Weeks v. Angelone, 528 U.S. 225, 234, 120 S. Ct. 727, 145 L. Ed. 2d. 727 (2000); Hovey v. Ayers, 458 F.3d 892, 913 (9th Cir. 2006). Petitioner has failed to adduce any evidence showing that the jury failed to follow the instructions it was given. Further, as the Ninth Circuit has found, the fact that the jury did not use petitioner's confession pertaining to Counts 3 and 4 to convict petitioner on Counts 6 through 9, and indeed acquitted him on these counts, supports a strong inference that the jury was able to compartmentalize the evidence pertaining to the separate incidents. See, e.g., Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

Moreover, the Supreme Court has explained that the use of a limiting instruction serves as one of several factors to limit prejudice in cases where multiple counts were improperly joined. See, e.g., United States v. Jawara, 474 F.3d 565, 579 (9th Cir. 2007) ("In Lane, the Supreme Court considered a variety of factors in resolving that misjoinder … did not have a 'substantial and injurious' effect on the jury's verdict, including the 'overwhelming evidence of guilt shown,' the provision of a 'proper limiting instruction … admonish[ing] the jury to consider each count and defendant separately ….'"). Here, petitioner has failed to show that the trial court's

rejection of his motion to sever the counts was an abuse of discretion. See Comer v. Schriro, 480 F.3d 960, 985 (9th Cir. 2007) ("[T]he propriety of consolidation rests within the sound discretion of the state trial judge.") (alteration in original) (citing Fields v. Woodford, 309 F.3d 1095, 1110 (9th Cir. 2002)). As the Court set forth in the R&R, the state courts' finding that severance was not required because the incidents occurred within a short period of time, involved the same class of crimes, and included substantial elements that were similar was supported by the record. (See R&R at 10-11). Accordingly, the trial court's failure to admonish the jury to consider the evidence on each count separately cannot be said to have resulted in prejudice so great as to deny petitioner his Constitutional right to a fair trial. See United States v. Lane, 474 U.S. 438, 446 n. 8, 106 S. Ct. 725, 88 L. Ed. 2d 814 (1986).

2. <u>Petitioner's objections to the Magistrate Judge's Findings and Conclusion with respect to Grounds Two and Three.</u>

In his Objections, petitioner essentially reiterates the arguments advanced in the Petition and the Traverse. The Court has made a de novo determination of those portions of the R&R relating to Grounds Two and Three, and finds that the Objections do not alter the findings and conclusions of the Magistrate Judge.

Thus, having made a de novo determination of those portions of the R&R to which objections have been made, the Court approves and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, IT IS

HEREBY ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:  February 4, 2010

*/s/ James V. Selna*

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE